IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY ALI AZIZ AL-SHARIF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-057 |
| | ) | |
| JOHNETTE CARTER, US Vessel, | ) | |
| REVENUE OFFICER, US Vessel, | ) | |
| and JOHN DOES 1-100,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has paid the $350.00 filing fee in the above-captioned case, which appears to challenge a federal tax lien imposed on Plaintiff by the Internal Revenue Service ("IRS").[2]

---

[1] The Court notes that Plaintiff additionally names "Does, Roes, and Moes 1-100" ("John Does 1-100") as Defendants in this action, and he appears to name an individual referred to as "Revenue Officer." (Doc. no. 1, p. 1.) The **CLERK** is **DIRECTED** to add these parties in accordance with the caption of this Order.

[2] Although the instant complaint is less than clear, this appears to be Plaintiff's third attempt to recover for various acts of malfeasance by the IRS. (See generally id.); see Al-Sharif v. Epes Transportation System, Inc., CV 111-037 (S.D. Ga. Feb. 17, 2012) (dismissing claim for wrongful garnishment of wages for failure to state a claim); Al-Sharif v. Bradley, CV 107-050 (S.D. Ga. Feb. 12, 2008) (dismissing claims against various IRS officers for lack of subject matter jurisdiction and failure to state a claim).

Somewhat confusingly, Plaintiff attempts to bring the instant challenge to a federal tax lien as an admiralty claim. (See generally doc. no. 1.) To the extent Plaintiff intends to assert an admiralty claim, he should be aware that the Federal Rules of Civil Procedure, as well as the Court's Local Rules, provide a set of supplemental procedural rules for these types of claims. See Fed. R. Civ. P. A-G; Loc. Admiralty R. 1-15.

Because Plaintiff appears to be suing at least two IRS agents, the Court has provided instructions for service of process on United States agents, which are set forth below. However, Plaintiff should carefully examine the copy of Fed. R. Civ. P. 4 attached to this Order to determine under which category each of his Defendants may fall. The **CLERK** is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 4 to Plaintiff's service copy of this Order.

Because he is proceeding *pro se*, the Court will provide Plaintiff with some basic instructions regarding the development and progression of this case.

Initially, Plaintiff is responsible for serving the defendants. To do so, Plaintiff must obtain from the Clerk of Court an appropriate number of summons and deliver a copy of the summons and the original complaint, via registered or certified mail, to (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) Eric H. Holder, Jr., the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued. Fed. R. Civ. P. 4(i)(1)-(2).

Plaintiff is **HEREBY NOTIFIED** that he has 120 days to serve the defendants. Fed. R. Civ. P. 4(m). The failure to do so may result in dismissal of this lawsuit. Id.; Fed. R. Civ. P. 4(i)(3).

**IT IS ORDERED THAT** Plaintiff shall serve upon the defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to each defendant or defendant's counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[3]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from any defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the last answer of a defendant named in the original complaint.

Interrogatories are a practical method of discovery for pro se litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. The plaintiff must have the Court's permission to propound more than one set of interrogatories to a party.

---

[3]The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/.

Discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the motion.

A response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for

4

summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest a defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in a defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 25th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE